IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OBE E. JOHNSON,<br><br>    Plaintiff,<br><br>        v.<br><br>FABIOLA ACURON PORRATE-DORIA, *et al.*,<br><br>    Defendants. | LEAD CASE CIVIL NO. 14-1841 (JAG)<br><br>MEMBER CASE CIVIL NO. 15-1571 (JAG) |

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Defendant Commonwealth of Puerto Rico's (the "Commonwealth") Motion to Dismiss. Docket No. 19. Plaintiff Obe E. Johnson ("Plaintiff") filed an opposition. Docket No. 26. Also before the Court are Plaintiff's Motion for Default Entry, Docket No. 23; Motion for Leave to Proceed *in forma pauperis*, Civil No. 15-1571, Docket No. 2; and Motion to Appoint Counsel, Civil No. 15-1571, Docket No. 5. This case concerns Plaintiff's claims for monetary damages due to the loss of his carpet cleaning company because of his allegedly wrongful conviction. Docket No. 5. Plaintiff filed suit against the Commonwealth; his former attorney, Fabiola Acuron Porrate-Doria ("Porrate-Doria"); and The Puerto Rico Corrections Administration (the "Corrections Administration"). Docket No. 5; Civil No. 15-1571, Docket No. 5.[1]

---

[1] Plaintiff originally filed two separate actions. *See* Civil No. 14-1841, Docket No. 5; Civil No. 15-1571, Docket No. 5. Because both actions were based on the same facts, they were consolidated into the earliest-filed case.

Lead Case Civil No. 14-1841 (JAG)                                                                                                               2
Member Case Civil No. 15-1571 (JAG)

The Court GRANTS the Commonwealth's Motion to Dismiss and hereby dismisses all of Plaintiff's claims *with prejudice* because Plaintiff has not shown that his conviction has been invalidated, and thus has failed to state a claim on which relief may be granted.[2] Accordingly, the Court also DENIES Plaintiff's Motion for Default Entry; Motion for Leave to Proceed *in forma pauperis*; and Motion to Appoint Counsel.

This is not Plaintiff's first litigation regarding his allegedly wrongful conviction. In fact Plaintiff has filed at least ten unsuccessful lawsuits in federal court seeking different kinds of relief against varying defendants concerning the same conviction. *See, e.g.*, Civil No. 15-1895, Docket No. 22 (denying Plaintiff's petition under 28 U.S.C. § 2254 as time-barred); Civil No. 13-1272, Docket No. 36 (denying Plaintiff's § 2254 petition due to being time-barred, and failing on the merits); Civil No. 12-1027, Docket No. 18 (denying Plaintiff's § 2254 petition for lack of jurisdiction as it seemingly constituted a second or successive petition); Civil No. 10-1177, Docket No. 12 (denying Plaintiff's § 2254 petition for failure to exhaust remedies available in the Puerto Rico Commonwealth courts); Civil No. 09-1172, Docket No. 9 (denying Plaintiff's § 2254 petition for failure to state a claim); Civil No. 14-1867, Docket No. 48 (dismissing Plaintiff's 42 U.S.C. § 1983 claims for failure to state a claim); Civil No. 13-1346, Docket No. 17 (same); Civil No. 09-1173, Docket No. 9 (same); Civil No. 13-1271, Docket No. 8 (dismissing Plaintiff's § 1983 claims because Plaintiff had previously brought the exact same claims against the same

---

[2] Because Plaintiff is proceeding *in forma pauperis*, Docket No. 4, the Court may *sua sponte* dismiss Plaintiff's case at any time for failure to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2). Therefore, although Defendants Porrate-Doria and the Corrections Administration have yet to move to dismiss, the Court *sua sponte* dismisses all claims against them.

Lead Case Civil No. 14-1841 (JAG) 3
Member Case Civil No. 15-1571 (JAG)

defendant); Civil No. 09-1639, Docket No. 14 (dismissing Plaintiff's case for lack of diligent prosecution).

In this latest action, Plaintiff brings § 1983 claims against the Commonwealth, Porrate-Doria, and the Corrections Administration for $25 Million in compensation for the loss of his company. Docket No. 5; Civil No. 15-1571, Docket No. 5.[3] Plaintiff alleges that he lost his company due to his wrongful conviction. Docket No. 5. He alleges various defects regarding his conviction, including that he received ineffective assistance of counsel; that there was no physical evidence tying Plaintiff to the crime; that Plaintiff could not effectively communicate with his attorney; and that the evidence presented against Plaintiff was contradictory. *Id.*

Plaintiff's claims must be dismissed because Plaintiff cannot show that his conviction has been invalidated. The United States Supreme Court has clearly held that for a plaintiff to recover damages for an allegedly unconstitutional or invalid conviction, the plaintiff must prove that the conviction *has already* "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006). Plaintiff cannot show this. To the contrary, as shown above, Plaintiff has failed to invalidate his conviction on numerous occasions. *See supra* at 2-3. In fact, in his own complaint Plaintiff attached a prior opinion in this district *denying* Plaintiff's § 2254 petition to set aside his conviction because it was time-barred and insufficient on the merits. Docket No. 5 at 25-32 (attaching Civil No. 13-1272, Docket No. 36). Since Plaintiff cannot

---

[3] Although Plaintiff does not specify a specific cause of action in his complaint, his allegations amount to a § 1983 claim as he is seeking monetary damages for the alleged deprivation of his constitutional rights. *See* 42 U.S.C. § 1983.

Lead Case Civil No. 14-1841 (JAG)                                                                                              4
Member Case Civil No. 15-1571 (JAG)

show that his conviction has been invalidated, his claims must be dismissed because he has failed to state a claim on which relief may be granted.[4]

## CONCLUSION

In view of the foregoing, the Commonwealth's Motion to Dismiss is GRANTED. All of Plaintiff's claims are hereby dismissed *with prejudice*. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of October, 2015.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[4] Since the Court holds that Plaintiff has failed to state a valid claim, there is no need to analyze the Commonwealth's additional arguments that Plaintiff's claims should also be dismissed because the Court lacks subject matter jurisdiction, Plaintiffs claims are time-barred, and the claims are barred by Eleventh Amendment immunity. *See* Docket No. 19 at 5-7; 10-12.